UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

FILED
AUG 16 2018
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

CHRISTOPHER JUSTIN EADS,
Plaintiff,
      v.
UNITED STATES OF AMERICA,
Defendant.

No. 1:18-cv-00638-RLY-TAB

PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT (Doc. 19, 20, and 21)

COMES NOW, Plaintiff, Christopher Justin Eads, appearing in a pro se capacity and hereby respectfully requests that this Honorable Court deny the United States' July 19, 2018, Motion to Dismiss or in the Alernative for Summary Judgment. (See Doc. 19,-20, and 21)

Plaintiff (Eads), submits this instint motion in opposition of the United States' claims based on several resonable facts which Eads Prays this Court will consider and take a good faith approach in his case prior to making a final ruling on the United States' motion.

Eads is requesting that the Court, based on the following facts and circumstances, stay or delay his case for a period of thirty (30) days, and no longer than September 6, 2018.

Eads' request for stay or delay are based on the following facts and circumastances which Eads, again Prays this Honorable Court will take in good faith:

1.      The record is firmly supported that Eads has been actively requesting and attempting to communicate and retreive his property from both the United States and by and through the Court with no action for several years now. (See case No. 1:11-cr-00239-TWP-DML; Doc No. 194)

In their motion, the United States bases one of it's reasons for requesting the Court to dismiss Eads' action is based on the assumption that Eads filed his Federal Tort Claim prematurely, and did not give the Government entity the chance to resolve the complaint first. The United States cites the Federal Tort Claims Act (FTCA), 28 U.S.C. SS 2679 and 2675(a) in their motion, and does show that a Government entity must have six (6) months to reply to a claimants Tort Claim beofre filing in the courts. Here Eads does not dispute this.

However, the crux of this dispute is the fact that Eads, who, again is a lay person and filing this action in a pro se capacity did not intend to file an actual "law suite" when he submitted his Tort Claim to the FBI and the United States District

1

Court. When Eads submitted his claims against the Court and the United States Attorney's Office, Eads was under the impression that those two entities were the ones he was suppose to serve the Tort Claims against and to; Eads admits that he knows now that the appropriate Governmental entity for his Tort Claim should have have been directly to the Federal Bureau of Investigation (FBI).

The United States Attorney's Office forwarded Eads' Tort Claim to the FBI themselves (See Doc. 19, 20, and 21). Unfortunately the Tort Claim filed with the United States District Court was mistakenly construed as Eads' intent to actually file a civil action; when in actuality Eads only filed a copy of his Tort Claim with the United States District Court because it was his belief that both the United States Attorney's Office and the District Court Judge were the parties and entities to be served.

The Court, having discretion, should consider Eads' mistaken filing of his Tort Claim in the District Court as being in error, but should also consider the fact that Eads is a lay person. Eads' mistake should be construed liberally, so that he may receive fair, balanced and complete determination of merits. (See: Hines v. Kerner, 404 U.S. 519, 520-21, 30 L. ED 652, 92 S. Ct. 594 (1972))

Further, Eads has also executed a Certificate of Good Faith (See: Exhibit 1), in hopes that this Court will not dismiss his case.

In correlation with said mistake, Eads was instructed to pay the court filing fee related to this case and has filed several motions and interacted with this Court for a matter of about six (6) months as of today. The only reason Eads payed the filing fee attached to this case and filed motions in relation is because the Court instructed him to do so. Eads is not placing fault on the Court, but is noting the fact that he only did as he was instructed to do by the Court in the belief that the Court wanted to proceed. Again, Eads is a lay person in this action, and he appoligizes to the Court for this misunderstanding of his original Tort Claim filings.

2.      The next issue Eads would like to address in opposition of the United States' motion is the fact that, indeed, while the FBI has not had the exact six (6) months of it's time to reply to Eads' Tort Claim complaint, their time to reply is almost up now.

Eads filed his Tort Claim on March 2, 2018, and the United States Attorney's Office forwarded his complaint to the FBI on or about March 6, 2018. As of today it has been five (5) months and three (3) days since Eads filed his Tort Claim; leaving less than one (1) month for the FBI to respond to his Tort Claim. Since the FBI has less than one (1) month left to respond, and then the six (6) months that they have already had will be expired, Eads Prays that this Honorable Court will simply stay or delay the proceedings pending the last few weeks

in which the FBI may or may not even respond to Eads' Tort Claim. One would think that if the FBI was going to respond to Eads' claim then they have already had over five (5) months to do so; another few weeks should not be of great cause or concern to dismiss Eads' claims when the FBI's deadline is so close.

It, to Eads, would just seem so eneffectvie to dismiss his complaint based on the above circumstances and knowing that the FBI only has a matter of less than a month left to respond, if at all, then Eads would have to file all over again.

3.    Eads would urge this Court to re-review all the facts and evidence he submitted as part of his initial Tort Claim. These peices of evidence and Eads' claims have merit to support moving forward based on the allegations and submitted evidence in support of his action; thus, the Court should also see that Eads has been actively seeking the return of his property from the United States Attorney's Office (who Eads served with a Tort Claim.), and the United States District Court (who Eads, mistakenly also served with a Tort Claim.).

Again, Eads only served the District Court, not to actually file a claim, but to serve the District Court with a Tort Claim because they were one of the appropreate entities along with the United States Attorney's Office; however, Eads knows now that it should have been the FBI solely, not the United States Attorney's Office nor the District Court.

Eads' error was made out of ignorance of the law and filing proceedures, but the facts are that Eads has used every bit of due diligence available to him to resolve the issue prior to filing a Tort Claim, and said case. Eads has communicated with the United States Attorneys's office and the District Court regarding this matter. And lastly, the FBI only has a few more weeks left out of six (6) months in which to respond to Eads' claim. Eads' case should be stayed or delayed until September 6, 2018, prior to dismissing his case based on the above facts and circumstances, and given the Courts discretion to do so if it agrees that Eads used due diligence and has demonstrated good faith in his filings.

CONCLUSION

As stated above, Eads' case should be stayed or delayed pending the FBI's potential response to Eads' Tort Claim that is due in about three (3) weeks; and since Eads has exercised due diligence and good faith with the Court that only because of his ignorance with the law and proceedure has he erred; and since the Court can exercise it's own discretion as to the merits of Eads' instant claims and the violation and harm caused to the United States by Eads' mistake, the Court can weigh on it's own the extent of prejudice the United States will suffer if this case is simply stayed or delayed for another few weeks; and since Eads is obviously a lay person and unfamiliar with the exact proceedures of the court and the law, this case should be stayed

or delayed pending a potential response from the FBI, or up to September 6, 2018, which ever comes first; or this Court should grant what ever other alternative relief available to preserve Eads' case.

Respectfully submitted,

_____
Christopher Justin Eads
Reg No. 10391-028
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

Executed: 8/5/2018

4

## CERTIFICATE OF GOOD FAITH

I, Christopher Justin Eads hereby Swear and Affirm Under Penalty of Perjury that the following Certificate of Good Faith is true and correct as I believe the facts to be:

On or about March 2, 2018, I filed two (2) Federal Tort Claim Act (FTCA) forms and memorandums in support of my claims and evidentiary exhibits also in support of to two (2) entities of the Government. The first entity I served a Tort Claim on was the United States Attorney's Office in Indianapolis, Indiana. The Second entity I served a Tort Claim on was the United States District Court in Indianapolis, Indiana.

I am a lay person in the eyes of the law and do not know the exact filing proceedures when filing a Tort Claim.

I originally submitted my two (2) Tort claims on the two government entities believing wholly that they where the persons to serve in my case.

I did not intend to file any kind of suite in Federal Court prior to filing and proceeding with the actual Tort Claim and letting it run it's course.

I only filed the filing fee with the District Court for my claim also believing that the Court itselve wanted to proceed in the way of a civil suite.

Again, I am not an attorney and was only filing what I believe to be the appropreate forms and serving them on the appropreate persons.

I further believe that I have merits on my case to move forward if the FBI does not respond to my Tort Claim, and that this Honorable Court should not grant the United States' request to dismiss my case.

Lastly, I believe that the FBI should be alowed another three (3) weeks to respond to my Tort Claim, simply because they are entitled to have six (6) months to respond to Tort Claims, and that right should absolutly be preserved by the Court. However, and just as important, I believe that the Court sould not dismiss my case when the FBI only has three (3) weeks to either respond to my Tort Claim or not. I just seems unlikely to me that the FBI will respond with only weeks left, when they have had five (5) months since to respond, and they have not done so at all.

I would like to see the Court exercise it's discretion and deny the United States' request to dismiss my case, and I would believe it would more efficient and probable if the Court would simply stay or delay my case, while giving the FBI a fair chance to respond and resolve this matter.

In closing, I would like to apologize to this Court for any trouble I have caused in this case.

_____  Executed: 8/5/2018
Christopher Justin Eads

1