UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JUSTIN EADS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-00638-RLY-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### REPLY BRIEF IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

There are no disputed facts to the United States of America's dispositive motion. In his response, the Plaintiff Christopher Justin Eads admits that he did not exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA") before filing suit in Federal District Court. At best, he argues that it was a mistake to file the Claim for Damage, Injury, or Death, Standard Form 95 ("SF 95 Form") in Federal District Court, but since he has paid the filing fee, the Court should stay the instant action until the Federal Bureau of Investigation ("FBI") issues its decision concerning his administrative tort claim. However, to do so would circumvent the underlying rationale for exhaustion requirements and would be contrary to the statutes and Supreme Court precedent. *See* 28 U.S.C § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that dismissal of an FTCA claim was warranted even where the plaintiff had submitted a claim to the agency prior to filing suit and received notice of rejection of his claim before any substantial progress had taken place in the litigation). Eads' rationale for the Court to deviate from this well-established doctrine should be rejected. Accordingly, judgment is proper

for the United States as a matter of law pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) or Rule 56.

## Argument

**A.    The Undisputed Material Facts Demonstrate as a Matter of Law that Summary Judgment is Proper for the United States**

In response to the United States' dispositive motion, Eads filed a response brief ("Eads Response"). (Docket No. 24.) However, Eads does not call into question any of the United States' material facts, nor does he present any disputed material facts that would prevent dismissal or summary judgment. Instead, the following facts are undisputed and support the dismissal of Eads' complaint.

1. In November 2011, Eads was under investigation concerning child pornography violations, with which he was ultimately charged on December 21, 2011. *See United States v. Christopher Eads*, Cause No. 1:11-cr-0239-TWP-KPF ("Criminal Case") at Docket No. 12.

2. During this investigation, in November 15, 2011, law enforcement seized certain personal items which Eads alleges included a particular cell phone, with a battery, protective case, and a "micro SD Card." Docket No. 2 at p. 2; Criminal Case at Docket No. 194.

3. On March 2, 2018, Eads the SF 95 Form, along with a "Plaintiff's Memorandum in Support of Federal Tort Claim," to the Federal District Court, alleging that the United States was negligent in protecting Eads' personal property consisting of a cell phone, protective case and a "micro SD Card." Docket No. 2 at p. 4.

4. In addition to filing these documents with the Court, Eads provided a copy of the identical documents to the United States Attorney's Office, who forwarded them to the FBI for action. Docket No. 19-1 at ¶ 5. These documents were not received by the FBI until on or about March 6, 2018. *Id.*

5. The receipt of the SF 95, Claim for Damage, Injury, or Death, by the FBI, initiated the administrative claim process concerning Eads' claims pursuant to the FTCA. *Id.* The administrative claim remains pending and the FBI has not issued a final adjudication of the claim, either in the form of a denial or approval. Docket No. 19-1 at ¶ 6.

**B.  Eads Admits He Did Not Exhaust His Administrative Remedies Before Filing His Complaint**

An FTCA plaintiff must first present his claim to the appropriate federal agency and cannot file suit in federal district court until the agency has made a final disposition of the claim. 28 U.S.C. § 2675(a); *see McNeil,* 508 U.S. at 111-13; *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014). Once a proper administrative claim is presented to an agency, that agency has six months in which to make final disposition of the claim before the claimant has any right to file a complaint premised upon the claim. If a claimant files a complaint in federal court without allowing the six-month administrative period to expire, the court does not have jurisdiction over the complaint. *See e.g., McNeil*, 508 U.S. at 111. The requirement in § 2675(a) that an administrative claim be filed as a prerequisite to filing a complaint under the FTCA in federal court is a valid condition under which a complaint may be maintained under the statute. *Kanar v. United States*, 118 F.3d 537, 528 (7th Cir. 1997). The exhaustion requirement has been strictly applied, meaning that it is not enough for a plaintiff to file an administrative claim soon after beginning her lawsuit. *McNeil,* 508 U.S. at 111–12. If a plaintiff fails to exhaust administrative remedies before he brings suit, the court must dismiss his claim. *McNeil*, 508 U.S. at 113; *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

Eads admits that he did not file an FTCA claim with the FBI before filing his complaint in this case. And he admits that he cannot bring his action in Federal District Court until the FBI

3

has been allowed six months to consider his claim. Docket No. 24 at p. 1, ¶ 1. The facts and law are undisputed and Eads' complaint should be dismissed without prejudice.

### C. Eads' Arguments That He Should be Allowed to Continue His Lawsuit Are Inconsistent With Case Law and the Rationale Underlying the Exhaustion Doctrine

In his response, Eads argues that he never intended the SF 95, and supporting documents to be construed as "an actual 'law suite' [sic]." *See* Docket No. 24 at p. 1-2, ¶ 1. However, because the Court construed these documents as a complaint, and required that he pay the Court filing fee, Eads contends that the Court should stay his case until the required six months have expired, and then allow the case to proceed. *See* Docket No. 24 at p. 1-2, ¶ 1; p. 3 at ¶ 2. These arguments should be rejected as inconsistent with case law and the rationale behind the FTCA's jurisdictional prerequisite for filing suit.

First, it should be noted that Eads' contention that he never intended his SF 95 and supporting documents to be construed as a complaint is belied by his own description of these filings to the Court. For instance, in his filing at Docket No. 11, he stated:

> In addition to Eads' initial [sic] filed *complaint (Doc. 1 and 2)*, Eads would also like to preserve the records further by informing the Court that he has used due-diligence and exhausted every good-faith effort to resolve this issue with the United States and the district court prior to his filing the above civil action.

Plaintiff's Motion to Supplement Additional Documentation in Support of Plaintiff's Good Faith Efforts to Resolve This Action With the United States (emphasis added), Docket No. 11 at p. 1. Nor did he ever seek to clarify his filings during the litigation of the case until now. *See* Docket generally.

Beyond this, Eads has provided no reason for this Court to deviate from the well-established doctrine of exhaustion. The Supreme Court has noted that the purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the

4

agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation. *McNeil,* 508 U.S. at 112, n. 7; *see also Kanar,* 118 F.3d at 531. "The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil,* 508 U.S. at 112; *see also Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005) (citing *McNeil*, 508 U.S. at 112 n.7 (citing S. Rep. No. 89-1327, at 3 (1966), *as reprinted in* U.S.C.C.A.N. 2515, 2517)). Accordingly, if a plaintiff fails to exhaust administrative remedies before he brings suit, the court must dismiss his claim. *McNeil*, 508 U.S. at 113; *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

As such, courts are consistent that where an FTCA claimant fails to exhaust his administrative remedies prior to filing suit in Federal District Court, the case must be dismissed without prejudice, even if the administrative claim is denied before the dismissal. *See, e.g., Duplan v. Harper,* 188 F.2d 1195, 1199 (10th Cir. 1999) (premature complaint cannot be cured through later amendment alleging the denial of the administrative claim; instead plaintiff must file a new suit); *Wang v. United States*, 2015 WL 7283134, *3 (E.D. Wisc. 2015) (dismissing *pro se* case for failure to exhaust even though six months had passed since the administrative claim had been filed); *Edwards v. D.C.,* 616 F. Supp. 2d 112, 117 (D.D.C. 2009) (failure to exhaust administrative remedies cannot be cured by amending the complaint); *Sparrow v. U.S. Postal Serv.,* 825 F. Supp. 252, 255 (E.D. Cal. 1993) (FTCA requires administrative claim be finalized at the time complaint is filed; plaintiff's complaint cannot be cured through amendment).

It is undisputed that Eads did not exhaust his administrative remedies before he filed his FTCA complaint because he filed the complaint before submitting an administrative claim to the

5

FBI. There is no reason to deviate from the well-established doctrine of exhaustion simply because Eads has paid a filing fee. To accept Eads' reasoning would negate the exhaustion requirement as nearly all FTCA plaintiffs will have paid a fee to bring their suits, whether they exhausted their administration remedies or not. Eads did not exhaust his administrative remedies prior to filing this action, and his action must be dismissed as a matter of law.

## Conclusion

Eads has failed to satisfy the requirement of the Federal Tort Claims Act to exhaust his administrative remedies before filing his complaint with this Court. As a result, this Court must dismiss the complaint pursuant to Rule 12(b)(6) or in the alternative Rule 56 of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    JOSH J. MINKLER
    United States Attorney

By:   *s/ Debra G. Richards*
    Debra G. Richards
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, a copy of the foregoing document was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

and

I further certify that on August 27, 2018, a copy of the foregoing document was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Christopher Justin Eads
10391-028
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. Box 24550
Tucson, AZ 85734

*s/ Debra G. Richards*
Debra G. Richards
Assistant United States Attorney


Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204
Telephone: 317-226-6333